Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOLITA ALEKSANIAN and ALEN ISSAGHOLIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ENRICH FINANCIAL, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of the California False Advertising Act (Cal. Business & Professions Code §§ 17500 *et seq.*) and<br>(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)<br><br>**Jury Trial Demanded** |

Plaintiffs LOLITA ALEKSANIAN and ALEN ISSAGHOLIAN ("Plaintiffs"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this class action Complaint against Defendant ENRICH FINANCIAL, INC. (hereinafter "Defendant") to stop Defendant's practice of falsely advertising its services and to obtain redress for a nationwide class of consumers ("Class Members") who changed position, within the applicable statute of limitations period, as a result of Defendant's false and misleading advertisements.

2. Defendant is a corporation with principal place of business in Connecticut and state of incorporation in California and is engaged in the business of providing credit repair services, credit card and loan settlement, and representation for collection matters.

3. Defendant represents that it will provide credit repair services, credit card and loan settlement, and representation for collection matters when this is in fact false. Defendant misrepresented and falsely advertised to Plaintiff and others similarly situated consumers these services (hereinafter "Class Products").

4. Plaintiff and others similarly situated purchased or attempt to purchase these services.

5. Defendant's misrepresentations to Plaintiff and others similarly situated caused them to purchase or attempt these services, which Plaintiff and others similarly situated would not have purchased or attempted to purchase absent these misrepresentations by Defendant and its employees. In so doing, Defendant has violated California consumer protection statutes.

## JURISDICTION AND VENUE

6. This class action is brought pursuant to Federal Rule of Civil

Procedure 23. All claims in this matter arise exclusively under California law.

7. This matter is properly venued in the United States District Court for the Central District of California, in that Plaintiff purchased the services from Los Angeles County and Defendant provided the services to Plaintiff in that location. Plaintiff resides in the Central District of California and Defendants do business, inter alia, in the Central District of California.

8. There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

9. In the case at bar, there are at least 100 members in the proposed Class and Sub-classes, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks to represent a nationwide class of consumers, establishing minimum diversity.

**THE PARTIES**

10. Plaintiffs LOLITA ALEKSANIAN and ALEN ISSAGHOLIAN are citizens and residents of the State of California, County of Los Angeles.

11. Defendant ENRICH FINANCIAL, INC. is a corporation company with its principle place of business located and headquartered in California.

12. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendants and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the

other's behalf.  The acts of any and all of Defendants' employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendants.

13. Plaintiff is informed and believes, and thereon alleges, that said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

14. At all relevant times, Defendants ratified each and every act or omission complained of herein.  At all relevant times, Defendants, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFFS' FACTS

15. In or around June of 2016, Plaintiffs purchased from Defendants, credit repair services, credit card and loan settlement, and representation for collection matters.

16. For the service plan, Plaintiffs paid more than valuable consideration.

17. After some time, Plaintiffs saw that Defendants' were not providing any of the services that Plaintiffs purchased and wished to terminate Defendants' services.

18. Defendants made representations that it would provide to Plaintiffs credit repair services, credit card and loan settlement, and representation for collection matters.

19. Upon learning that Defendants had no intention of providing the services advertised, Plaintiffs felt ripped off and cheated by Defendant.

20. Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

21. Defendants expressly represented to Plaintiffs, through written and

oral statements, the services that it would provide.

22. Plaintiffs allege that such representations were part of a common scheme to mislead consumers and incentivize them to purchase Defendants' services.

23. In purchasing the Class Products, Plaintiffs relied upon Defendants' representations.

24. Such representations were clearly false because Defendants failed to provide any of the services that it promised.

25. Plaintiffs would not have purchased the services if they knew that the above-referenced statements made by Defendants were false.

26. Had Defendants properly marketed, advertised, and represented the Class Products, Plaintiffs would not have purchased the services.

27. Plaintiffs gave their money, attention and time to Defendant because of the services advertised. Defendants benefited from falsely advertising the services. Defendants benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

28. Had Defendants properly marketed, advertised, and represented the Class Products, no reasonable consumer who purchased or attempted to purchase the services would have believed that it was the price it actually way.

## CLASS ACTION ALLEGATIONS

29. Plaintiffs bring this action, on behalf of themselves and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

30. The class Plaintiffs seek to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, purchased or attempted to purchase one or more Class Products in the United States, and whose telephone or telephone service was

advertised at a lower price than charged.

31. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

32. Excluded from the Class is Defendant, its affiliates, employees, agents, and attorneys, and the Court.

33. Plaintiffs reserve the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

34. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

35. No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

36. Rather, all claims in this matter arise from the identical, false, affirmative representations of the services, when in fact, such representations were false.

37. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

    (a) Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Products to Plaintiffs and other Class Members;

    (b) Whether Defendants made misrepresentations with respect to the Class Products sold to consumers;

    (c) Whether Defendants profited from both the sale of the telephones and the advertised green base;

    (d) Whether Defendants violated California Bus. & Prof. Code § 17200, *et seq.* and California Bus. & Prof. Code § 17500, *et*

*seq.*;

  (e) Whether Plaintiffs and Class Members are entitled to equitable and/or injunctive relief;

  (f) Whether Defendants' unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

  (g) The method of calculation and extent of damages for Plaintiff and Class Members.

38. Plaintiffs are members of the class they seeks to represent

39. The claims of Plaintiffs are not only typical of all class members, they are identical.

40. All claims of Plaintiffs and the class are based on the exact same legal theories.

41. Plaintiffs have no interest antagonistic to, or in conflict with, the class.

42. Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiffs bought Class Products from Defendants during the Class Period. Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced. Plaintiffs' claims are typical of all Class Members as demonstrated herein.

43. Plaintiffs will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent themselves and the class.

44. Common questions will predominate, and there will be no unusual manageability issues.

# FIRST CAUSE OF ACTION

## Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

45. Plaintiffs incorporate by reference each allegation set forth above.

46. Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . [or] to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

47. California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

48. Defendant misled consumers by making misrepresentations and untrue statements about the Class Products, namely, Defendant sold telephones and services at a higher rate than advertised, and made false representations to Plaintiffs and other putative class members in order to solicit these transactions.

49. Defendant knew that its representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiffs and other Class Members.

50. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiffs and the other Class Members have suffered injury in fact and have lost money or property, time, and attention. Plaintiffs reasonably relied upon Defendant's representations regarding the Class Products. In reasonable reliance on Defendant's false advertisements, Plaintiffs and other Class Members

purchased the Class Products. In turn Plaintiffs and other Class Members ended up with nothing, and therefore Plaintiffs and other Class Members have suffered injury in fact.

51. Plaintiffs allege that these false and misleading representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

52. Defendant advertised to Plaintiffs and other putative class members, through written representations and omissions made by Defendant and its employees, that it would provide the Class Products.

53. Thus, Defendant knowingly sold Class Products to Plaintiffs and other putative class members without providing the services in exchange for the compensation provided.

54. The misleading and false advertising described herein presents a continuing threat to Plaintiffs and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiffs are entitled to preliminary and permanent injunctive relief ordering Defendant to cease its false advertising, as well as disgorgement and restitution to Plaintiffs and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION
## Violation of Unfair Business Practices Act
## (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)

55. Plaintiffs incorporate by reference each allegation set forth above.

56. Actions for relief under the unfair competition law may be based on

any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendants' business practices and the alleged harm--that is, evidence that the defendants' conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the Defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

57. California Business & Professions Code § 17200 prohibits any "unfair . . . business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

58. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

59. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiffs and members of the Class. Plaintiffs and members

of the Class have suffered injury in fact due to Defendant's decision to sell them falsely described services (Class Products).  Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

60. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer.  Such deception utilized by Defendant convinced Plaintiffs and members of the Class that the Class Products were a certain price, in order to induce them to spend money on said Class Products.  In fact, knowing that Class Products were not this price, Defendant unfairly profited from their sale.  Thus, the injury suffered by Plaintiffs and the members of the Class is not outweighed by any countervailing benefits to consumers.

61. Finally, the injury suffered by Plaintiffs and members of the Class is not an injury that these consumers could reasonably have avoided.  After Defendant falsely represented the Class Products, Plaintiffs and class members suffered injury in fact due to Defendant's sale of Class Products to them. Defendant failed to take reasonable steps to inform Plaintiffs and class members that the Class Products did not include the advertised piece.  As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class members to purchase telephones and services for a higher price.  Therefore, the injury suffered by Plaintiffs and members of the Class is not an injury which these consumers could reasonably have avoided.

62. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

### FRAUDULENT

63. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice

was likely to deceive members of the public.

64. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

65. Here, not only were Plaintiffs and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Plaintiffs agreed to purchase Class Products under the basic assumption that they would receive the services advertised. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiffs. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

66. As explained above, Defendant deceived Plaintiffs and other Class Members by representing the Class Products as including the described piece, and thus falsely represented the Class Products.

67. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

68. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

69. As explained above, Defendant deceived Plaintiffs and other Class Members by representing the Class Products as being a lower price than they were.

70. Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed or misrepresented the Class Products,

1  Plaintiffs and Class Members would not have purchased the Class Products. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

71. These representations by Defendant is therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq.*.

72. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiffs and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiffs and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions

## MISCELLANEOUS

73. Plaintiffs and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or that all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

74. Plaintiffs request a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

75. Plaintiffs, on behalf of themselves and the Class, requests the following relief:

    (a) An order certifying the Class and appointing Plaintiffs as Representative of the Class;

    (b) An order certifying the undersigned counsel as Class Counsel;

    (c) An order requiring ENRICH FINANCIAL, INC., at its own

cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d) An order requiring ENRICH FINANCIAL, INC. to engage in corrective advertising regarding the conduct discussed above;

(e) Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded Class Products during the relevant class period;

(f) Punitive damages, as allowable, in an amount determined by the Court or jury;

(g) Any and all statutory enhanced damages;

(h) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(i) Pre- and post-judgment interest; and

(j) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated:  March 27, 2017            Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, PC


By: /s Todd. M. Friedman
TODD M. FRIEDMAN, ESQ.
Attorney for Plaintiffs