UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | **CV 17-2359-DMG (KSx)** | Date | March 5, 2018 |

| | | | |
|---|---|---|---|
| Title | *Lolita Aleksanian & Allen Issagholian, et al. v. Enrich Financial, Inc.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

On March 27, 2017, Plaintiffs filed suit, seeking to represent a nationwide class, against Defendant for alleged violations of California's False Advertising Act ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*; and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* [Doc. # 1.] Plaintiffs are California citizens, and Defendant is a citizen of California and Connecticut. *See id.* at ¶¶ 2, 10–11. Plaintiffs invoked federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). [Doc. # 1 at ¶¶ 8–9 (jurisdiction), 30 ("The class Plaintiffs seek to represent . . . is defined as follows: All consumers, who, between the applicable statute of limitations and the present, purchased or attempted to purchase one or more Class Products in the United States, and whose telephone or telephone service was advertised at a lower price than charged.").]

On May 18, 2017, Plaintiffs filed a first amended complaint ("FAC"), which added a cause of action under the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.* [Doc. # 13]. The FAC, like the original complaint, sought to certify a nationwide class. *See id.* at ¶¶ 8–9 (jurisdiction), 31 ("The class Plaintiffs seek to represent . . . is defined as follows: All consumers, who, between the applicable statute of limitations and the present, purchased from Defendant Class Services in the United States.").

On January 12, 2018, Plaintiffs filed a motion for leave to file a second amended complaint. [Doc. # 39.] The proposed amended pleading did not modify the causes of action Plaintiffs alleged in the FAC. *See* Ex. B to Wheeler Decl. [Doc. # 39-1] (redline of proposed second amended complaint). Instead, Plaintiffs added certain factual allegations to bolster their claims as well as a second proposed class. *See id.*

The Court granted Plaintiffs' motion on February 13, 2018. [Doc. # 50.] Plaintiffs filed the amended pleading ("SAC") that same day. [Doc. # 51.]

UNITED STATES DISTRICT COURT  **JS-6**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-2359-DMG (KSx)** | Date | March 5, 2018 |
| Title | *Lolita Aleksanian & Allen Issagholian, et al. v. Enrich Financial, Inc.* | Page | 2 of 2 |

In reviewing the SAC for the purpose of addressing Plaintiff' pending motion for class certification [Doc. # 40], the Court re-examined the basis for its subject matter jurisdiction and has determined that it no longer has jurisdiction over this case. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.").

The SAC, like the FAC, invokes federal jurisdiction under CAFA in connection with the purported "nationwide class of consumers" that Plaintiffs seek to represent. SAC at ¶ 9. Yet, Plaintiffs dismissed the diverse absent class members when they revised the proposed classes they seek to represent. *See id.* at ¶¶ 31 ("The class Plaintiffs seek to represent . . . is defined as follows: All consumers who, from March 27, 2013 to the present, purchased one or more Class Services from Defendant in California"), 32 ("Plaintiff also seeks to represent the following class . . . : A class consisting of all consumers in California who, from March 27, 2013 to the present, entered into an agreement for Class Services with Defendant and were charged additional costs beyond the terms of their written agreements.").

Additionally, Plaintiffs' discovery has revealed that Defendant has no clients outside of the State of California and that, in fact, Defendant refuses to take on clients who live outside of the State. *See* Ex. 1 ("Eghbali Depo.") to Wheeler Decl. [Doc. # 40-3] at 114:9–114:23.

This extinguishes the Court's subject matter jurisdiction over this case under CAFA's local controversy exception. *See* 28 U.S.C. 1332(d)(4). If this is correct, this Court is required to decline to exercise jurisdiction. *See id.* ("A district court *shall* decline to exercise jurisdiction" when the defendant and more than two-thirds of the members of the proposed plaintiff classes are citizens of the State in which the action was originally filed (emphasis added)); *see also* 28 U.S.C. § 1332(d)(7) ("Citizenship of the members of the proposed plaintiff classes shall be determined for purposes of paragraphs [d](2) through [d](6) as of the date of filing of the complaint *or amended complaint*." (emphasis added)).

The Court therefore **DISMISSES** the action without prejudice for lack of subject matter jurisdiction. Plaintiffs' motion for class certification is DENIED as moot and all scheduled dates and deadlines are VACATED.

**IT IS SO ORDERED.**